UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KARENOVICH GASPARIAN,
A-241-139-229

            Petitioner,

    v.

WARDEN, et al.,

            Respondents.

No.  1:26-cv-02325-TLN-EFB

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1)(B).  ECF No. 16.  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his petition for writ of habeas corpus, petitioner alleges he was born in Armenia and entered the United States on February 16, 2024 seeking asylum.  ECF No. 1 ¶¶ 26, 28.  The Department of Homeland Security (DHS) detained him upon entry, then served him with a Notice to Appeal and released him.  *Id*. ¶¶ 27-28.  On May 23, 2025, DHS detained petitioner and he remains currently detained.[1]  *Id*. ¶ 29.  Petitioner has no criminal history.  *Id*. ¶ 34.  On September

---

[1] Elsewhere, petitioner alleges he was arrested in August 2025.  ECF No. 1 ¶ 43.  The

1

3, 2025, petitioner, through counsel, moved to withdraw his application for relief and to request immediate removal. *Id*. ¶ 30. On September 12, 2025, an Immigration Judge ordered petitioner to be removed to Russia or, in the alternative, Armenia. *Id*. ¶ 31 & Ex. C. Petitioner did not appeal this order. *See id*., Ex. C. Petitioner alleges that, since the order to removal issued, DHS has demonstrated that there is no significant likelihood of his removal in the reasonably foreseeable future. *Id*. ¶ 35.

In their return, respondents do not dispute the factual allegations of the petition. ECF No. 19 at 1-2. Per respondents, although petitioner was born in Armenia, he is a citizen of Russia. Id. at 2 & Exs. 2, 3. Respondents agree that petitioner was arrested by DHS agents on May 22, 2025, and that, on September 12, 2025, an Immigration Judge ordered petitioner removed, which petitioner did not appeal. *Id*. at 2. Respondents represent that, "Immigration officials are in the process of obtaining travel documents to effectuate Petitioner's removal to Russia." *Id*. at 2. In support of this representation, respondents have submitted a letter sent by a DHS deportation officer to the Consul General of Russia on January 20, 2026, requesting that the latter issue travel documents to petitioner within seven days. *Id*., Ex. 3.

In his reply brief, petitioner does not dispute respondents' factual allegations. ECF No. 20.

**B. Procedural Background**

Petitioner initiated this action in the United States District Court for the Central District of California, on March 10, 2026. ECF No. 1. On March 20, 2026, respondents moved to dismiss the petition or, in the alternative, for the case to be ordered transferred to this district. ECF No. 7. Petitioner did not oppose the transfer of venue. ECF No. 9. On March 25, 2026, that court ordered the proceeding to be transferred to this district, ECF No. 10, and the matter was referred the undersigned on March 30, 2026. ECF No. 16. On April 9, 2026, respondents timely filed a return to the petition, ECF No. 19, and, on April 14, 2026, petitioner timely filed a reply. ECF

exhibits petitioner proffered in support of his petition, however, appear to indicate he was detained in May 2025. *See* ECF No. 1, Ex. B. In any event, the discrepancy is immaterial to petitioner's claims for relief and the court's analysis of same.

2

No. 20.  On June 4, 2026, petitioner filed a request for prompt adjudication of the petition.  ECF No. 23.

### C. Proper Respondents

Respondent moves for Fereti Semaia to be dismissed as a respondent and only the proper entities and persons be named as respondents.  ECF No. 19, n.1.  In light of petitioner's transfer to the California City Immigration Processing Facility, *see* ECF No. 10, Christopher Chestnut, the Warden of the California City Immigration Processing Facility, is substituted for Fereti Semaia as a respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir. 1992); Fed. R. Civ. P. 25(d).

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

### DISCUSSION

In his petition, petitioner asserts three claims for relief.  In his first claim, he alleges that his continued detention violates his Fifth Amendment due process rights because there is no significant likelihood that he will be removed in the foreseeable future.  ECF No. 1 at 9-11.  In his second claim, he alleges that his Fifth Amendment due process rights are violated by his detention without a bond hearing.  *Id*. at 12-13.  In his third claim, he requests the court enter all orders necessary to preserve its jurisdiction during the pendency of this proceeding.  *Id*. at 13.  As relief, he requests his immediate release or, in the alternative, release under his previous terms of supervision; declaratory relief; and attorney fees and costs.  *Id*. at 14.  The undersigned finds petitioner has demonstrated his entitlement to relief on his first claim and recommends the writ be granted.

/////

3

**1. Claim One**

In petitioner's first claim for relief, he alleges that his ongoing, prolonged detention violates his Fifth Amendment due process rights. ECF No. 1 at 9-11. The undersigned finds petitioner has shown his entitlement to habeas corpus relief by a preponderance of the evidence.

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). "In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." *Id.* "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id.* at 578-79 (quoting 8 U.SC. § 1231(a)(6)).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 684-86). Recognizing that a statute that permitted indefinite civil detention would run afoul of the due process clause of the Fifth Amendment, the Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Rather,

> [a]fter [a presumptively reasonable] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably

4

foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Here, the parties agree that petitioner is subject to an order of removal, which was entered on September 12, 2025.  ECF No. 1 ¶ 31 & Ex. C; ECF No. 19 at 2.  The uncontroverted record before the court is that petitioner did not appeal that order, thus rendering it final on that date. ECF No. 1, Ex. C; ECF No. 19 at 2; ECF No. 20 at 3.  Therefore, since that date, petitioner has been detained pursuant to 8 U.S.C. § 1231(a).  ECF No. 19 at 2-3; *see* ECF No. 20 at 4.  The uncontroverted record also indicates that petitioner has been detained continuously since his order of removal became final on September 12, 2025, *see* ECF No. 1 ¶¶ 41-42; ECF No. 19 at 3-4; ECF No. 20 at 1-2; ECF No. 23 at 2, reflecting, at present, over nine months of detention.  Thus, the record establishes that petitioner has been detained pending removal, pursuant to a final order of removal, for more than six months, i.e., beyond the period that is presumptively reasonable under *Zadvydas*, 533 U.S. at 689.[2]

/////

---

[2] Respondents agree that petitioner's current period of detention, which totals more than nine months since his removal order became final, exceeds what the Supreme Court held was presumptively reasonable in *Zadvydas*, 533 U.S. 678.  ECF No. 19 at 3-4.  In making this argument, however, respondents assert that the six-month period described in *Zadvydas*, 533 U.S. 678, only begins upon the termination of the ninety-day period of mandatory detention set forth in 8 U.S.C. § 1231(a)(2)(A).  *Id*.  That interpretation is incorrect; the six-month period discussed in *Zadvydas*, 533 U.S. 678, includes the 90-day statutory removal period.  *See Khotesouvan v. Morones*, 386 F.3d 1298, 1300 (9th Cir. 2004) (describing *Zadvydas* as holding that, "[d]etention for 6 months, including the 90-day removal period, is 'presumptively reasonable'"); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 45 (1st Cir. 2021) (explaining that *Zadvydas* held "that once a noncitizen detained following a final removal order has been held for six months, the noncitizen may challenge his continued detention"); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curium) ("Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter."); *but see Dupont v. Meserve*, 821 F. Supp. 3d 76, 82 (D. Me. 2026) (endorsing respondents' interpretation of *Zadvydas* as "plausible").  Respondents' error is irrelevant here, however, as they do not contest that petitioner has, at present, been detained for a period that exceeds what the Court in *Zadvydas* held was presumptively reasonable.  ECF No. 19 at 3-4.

Respondents argue that, despite this, petitioner "does not provide any valid reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future" so as to merit habeas corpus relief.  ECF No. 19 at 4.  The undersigned disagrees.  Petitioner's unrefuted allegations are that his order of removal became final on September 12, 2025, and that, since then, respondents have been unable to remove him.  ECF No. 1 ¶¶ 6, 31, 42 & Ex. C.  Respondents' lack of acquisition of any travel documents for petitioner in the nine months since his removal order became final suffices to show "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, such that petitioner has met his burden.  *See*, *e.g.*, *Shahvaladian v. Mullin, et al*, No. 5:25-CV-03001-SPG-AJR, 2026 WL 1700477, at *4 (C.D. Cal. June 8, 2026) (collecting cases and observing, "[m]any courts have found that removal was not reasonably foreseeable where the Government has been unable to obtain travel documents"); *Galo Chavez v. Acting Warden of The Adelanto Detention Center*, No. 5:26-CV-02315-SP, 2026 WL 1601896, at *4 (C.D. Cal. June 1, 2026) (holding petitioner met burden where travel documents had not been acquired during her ten months of detention).

Respondents have not rebutted petitioner's showing.  The only evidence in rebuttal that respondents offer is a letter sent by DHS to the General Consul of Russia on January 20, 2026, requesting that Russia issue travel documents for petitioner within seven days of that request.  ECF No. 19, Ex. 3.  There is no indication in the record that Russian officials responded to that request in any way, let alone that they will issue travel documents in a reasonably foreseeable time frame.  Respondents have offered no other evidence that DHS has taken any steps to effectuate petitioner's removal whatsoever, nor that they took any steps to do during the 90-day statutory removal period.  *See* ECF No. 19.  As such, respondents have not met their burden to rebut petitioner's showing.  *See, e.g.*, *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (holding Government had not rebutted petitioner's showing where Government had not secured travel documents for the petitioner); *M.A., v. Noem*, No. 1:26-CV-03432-MWJS, 2026 WL 1709179, at *2 (E.D. Cal. June 12, 2026) (finding Government had not met its rebuttal burden where it had submitted a travel document request seven months prior, which had received

no answer and which the Government "continue[d] to follow up on" during that time); *Shahvaladian*, 2026 WL 1700477, at *4 (finding Government had not rebutted petitioner's showing where Government had not secured travel documents nor indicated any other efforts to remove petitioner); *Andemicael v. Noem*, No. 5:25-CV-02999-KK-MBK, 2026 WL 734522, at *8 (C.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 5:25-CV-02999-KK-MBK, 2026 WL 734588 (C.D. Cal. Feb. 20, 2026) (finding the Government failed to meet its rebuttal burden, where its request for travel documents was still pending).

Accordingly, petitioner has shown by a preponderance of the evidence that his current detention violates his rights to due process of law, under the Fifth Amendment, as set forth in *Zadvydas*, 533 U.S. 678.  On this basis, the undersigned recommends the writ be granted.

**2.  Claim Two**

In his second claim for relief, petitioner alleges that, "ICE failed to provide a neutral, individualized custody determination upon [his] re-detention," and "ICE's failure to provide a neutral, individualized custody determination upon re-detention, and its continued detention without procedural safeguards, constitutes an arbitrary and excessive deprivation of liberty," in violation of his due process rights under the Fifth Amendment.  ECF No. 1 ¶¶ 56, 58.  Petitioner has not shown his entitlement to relief on this claim.  The undisputed record is that petitioner was detained prior to his removal order becoming final.  *See* ECF No. 1 ¶¶ 29, 31; ECF No. 19 at 2-3.  Once petitioner's removal order became final, his detention became mandatory, for 90 days, under the INA.  8 U.S.C. § 1231(a).  As many courts have held, once a removal order becomes final triggering the Government's detention authority under § 1231(a), claims of error arising from pre-removal-order detention become moot.  *See Baires v. Lynch*, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) (collecting cases); *see, e.g.*, *Kapila v. Murray*, No. 1:24-CV-00914-SAB-HC, 2024 WL 5090012, at *3 (E.D. Cal. Dec. 12, 2024); *Leandro v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-1478 DC CSK, 2026 WL 972784, at *2 (E.D. Cal. Apr. 10, 2026).  As such, to the extent in Claim Two petitioner alleges his due process rights were violated by respondents not providing him a bond hearing upon his redetention, those allegations are not justiciable.

7

To the extent Claim Two alleges petitioner's due process rights were violated by respondents' failure to provide him a bond hearing after his removal order became final, those allegations also fail.  The Court of Appeals has held that a noncitizen's detention during the mandatory 90-day removal period of 8 U.S.C. § 1231(a)(2) does not offend the noncitizen's due process rights. *Khotesouvan*, 386 F.3d at 1301.  Finally, to the extent petitioner's allegations are that his due process rights have been violated by respondents' failure to provide him a bond hearing since the 90-day removal period expired, petitioner fails to make any argument or showing that his due process rights have been violated in this manner.  *See* ECF No. 1; ECF No. 20; *see generally Johnson v. Arteaga-Martinez*, 596 U.S. 573, 584 (2022) (holding due process does not require bond hearings every six months for persons detained under 8 U.S.C. § 1231(a)(6), but recognizing possibility of as-applied challenge in individual cases).  For these reasons, petitioner has failed to show that he is entitled to habeas corpus relief on Claim Two, and the undersigned recommends it be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Christopher Chestnut, the Warden of the California City Immigration Processing Facility, be substituted for Fereti Semaia as a respondent.

Further, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2) Respondents be ordered to immediately release petitioner, David Karenovich Garparian (A-241-139-229), under the previously-imposed conditions of supervision;

3) Respondents be ENJOINED AND RESTRAINED from revoking petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and the requirements of due process;

4) Petitioner's request for attorney's fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

5) The Clerk of Court be directed to serve the District Court's order on the California City Immigration Processing Center; and

8

6)  Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE